UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROBERT M. MORRIS** : | Case No. |
| Plaintiff : | |
| : | |
| vs. : | CIVIL COMPLAINT |
| : | |
| **VITAL RECOVERY SERVICES, LLC** : | |
| Defendant : | JURY TRIAL DEMANDED |
| : | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Robert M. Morris, by and through his undersigned counsel, Brent F. Vullings, Esquire, of Vullings Law Group, LLC, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1.  Plaintiff, Vital Recovery Services, LLC, is an adult natural person and he brings this action for actual and statutory damages and other relief against the Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), Pennsylvania Fair Credit Extension Uniformity Act ("FCEUA," 73 Pa. C.S. § 2270.1 et seq.), and Pennsylvania Consumer Protection Law ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq., all of which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3.  Venue in this district is proper in that the Plaintiff resides in this District.

### III. PARTIES

4. Plaintiff, Robert M. Morris (hereinafter referred to as "Plaintiff") is an adult natural person residing at 206 Edgehill Road, Merion Station, Pennsylvania 19066. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (3).

5. Defendant, Vital Recovery Services, LLC (hereinafter referred to as "Defendant") at all times relevant hereto, is and was a limited liability company engaged in the business of collecting debt within but not limited to the Commonwealth of Pennsylvania and the state of Georgia with a registered agent located at 40 Technology Parkway South Suite 300, Norcross, Georgia 30092.

6. Defendant engages in the collection of debts from consumers using the telephone and mail. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a (6).

### IV. FACTUAL ALLEGATIONS

7. In mid-2016, Plaintiff returned his leased Nissan Leaf to Nissan Motor Acceptance Corporation ("NMAC") in accordance with the original lease agreement.

8. Plaintiff returned the vehicle to NMAC with approximately 23,000 miles on it, 13,000 miles less than was permitted under the original three-year lease agreement.

9. At return the vehicle was in excellent condition, and its battery had full bars.

10. At return NMAC, by and through its agent, an employee of Conicelli Nissan, and Plaintiff performed a "walk around" of the vehicle, and the employee advised Plaintiff that he would not owe any additional money to NMAC.

11. After being advised that Plaintiff didn't owe any additional money to NMAC, MNAC subsequently alleged that Plaintiff owed $1,555.82 for, among other things, a disposition fee, excessive wear and use and taxes.

12. After being advised that Plaintiff didn't owe any additional money to NMAC, Defendant now alleges that Plaintiff owes $1555.82 "excessive wear" for an alleged debt originally owed to NMAC in connection with the above-referenced lease.

13. This amount is not authorized by any agreement with Plaintiff nor permitted by law and was a deceptive representation as to the alleged amount owed on an alleged debt.

14. This also constitutes a false, deceptive and misleading representation as to Plaintiff's alleged debt.

15. Defendant, as an agent of NMAC, was advised that Plaintiff was represented by counsel as to this matter.

16. Defendant has contacted Plaintiff directly in their attempts to collect this alleged debt after being advised that Plaintiff was represented by counsel.

17. As a direct consequence of Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

18. Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

19. Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's

actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

20. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

21. At all times pertinent hereto, the conduct of the Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

22. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT I – FDCPA

23. The above paragraphs are hereby incorporated herein by reference.

24. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a (5).

25. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

§§ 1692c(a)(2): Communication with consumer after Defendant knew the consumer to be represented by an attorney.

| | |
|---|---|
| §§ 1692d: | Any conduct that natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692e: | Any other false, deceptive or misleading representation or means in connection with the debt collection |
| §§ 1692e (2): | Character, amount, or legal status of the alleged debt. |
| §§ 1692e (10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692f (1): | Attempt to collect any amount not authorized by the agreement creating the debt or permitted by law. |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Vital Recovery Services, LLC, for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

### COUNT II - VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT- (FCEUA, 73 Pa. C.S. § 2270.1 et seq.)

26. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

27. The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL"). Defendant is a debt collector pursuant to 73 Pa. C.S. § 2270.3.

28. The alleged debt Defendants were attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

29. The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

30. The actions of Defendant, as aforesaid, constitute false, misleading or deceptive representations.

31. Violations of the FDCPA is a per se violation of the FCEUA and the UTPCPL.

32. As a direct and proximate result of the said actions, Plaintiff has suffered financial harm.

33. By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in their favor and against Defendants, and Order the following relief:

    a. Actual damages;

    b. Treble damages;

    c. An award of reasonable attorney's fees and expenses and costs of court; and

  d. Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT III - VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.

34. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

35. Plaintiff and Defendant are "Persons" to 73 Pa. C.S § 201-2.

36. The UTPCPL prescribes, <u>inter alia</u>, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

37. The actions of the Defendants, as aforesaid, constitute unfair acts or practices under the UTPCPL, by way of the following, <u>inter alia</u>:

  a. Defendants misrepresented to Plaintiff the character, extent or amount of the debt or its status, 73 Pa. C.S. § 201-3.1;

  b. Defendants engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

  c. Defendants failed to comply with the FDCPA and FCEUA which are <u>per se</u> violations of the UTPCPL.

38. As a direct and proximate result of the said actions, Plaintiff has suffered financial damages and other harm.

39. By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in their favor and against Defendants, and Order the following relief:

a. An Order declaring that Defendants violated the UTPCPL;

b. Actual damages;

c. Treble damages;

d. An award of reasonable attorney's fees and expenses and cost of suit; and

e. Such additional relief as is deemed just and proper, or that the interest of justice may require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**VULLINGS LAW GROUP, LLC**

Date: November 14, 2016            **BY:*/s/ Brent F. Vullings***
Brent F. Vullings, Esquire
Vullings Law Group, LLC
3953 Ridge Pike
Suite 102
Collegeville, PA 19426
610-489-6060; 610-489-1997 fax
bvullings@vullingslaw.com
Attorney for Plaintiff